UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ASHEN,

         Plaintiff,

v.

UNKNOWN DISTEFANO, *et al*.,

         Defendants.
_____/

Case No. 1:18-cv-1210

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

**I.**    **Background**

This is a civil action brought by *pro se* plaintiff David Ashen (sometimes referred to as "Ashen"). The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. Plaintiff's original handwritten complaint named the following defendants: Judge David Distefano; Judge Jeffrey Dufon (sometimes referred to as "Duffon"); Attorney Jeffrey Holmstrom; Attorney Andrew Barnes; Stacy Assink; Scott Assink; and Bruce Linker. Compl. (ECF No. 1). The original complaint was barely legible and contained numerous deficiencies. On November 1, 2018, the Court entered an order which pointed out the deficiencies, instructed plaintiff on the requirements for filing a complaint as set forth in Fed. R. Civ. P. 8 and 10, and directed him to file an amended complaint. *See* Order (ECF No. 5).

Plaintiff filed a typewritten first amended complaint which asserted claims against six of the original defendants: Judge Distefano; Judge Dufon; Attorney Holmstrom; Attorney Barnes; Stacy Assink; and Scott Assink. Amend. Compl. (ECF No. 7). For the reasons discussed below, plaintiff's amended complaint (ECF No. 7) should be dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II. Legal standard

In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. In this regard, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### III.     The underlying state lawsuit decided against plaintiff

Plaintiff stated that this federal lawsuit pertains to his unsuccessful lawsuit in case no. 14-640678CZ in Michigan's 36th Circuit Court (Van Buren County).[1] Plaintiff's allegations in the amended complaint are rambling and disjointed. In order to make some sense out of the amended complaint, the Court will review the facts as set forth in *Ashen v. Assink*, No. 331811, 2017 WL 1422834 (Mich. App. April 20, 2017), in which Ashen appealed "the trial court order dismissing his complaint to quiet title over real estate and granting defendants, Scott and Stacy Assink, summary disposition under MCR 2.116(C)(10) thereby, quieting title to the real property in their names." *Ashen*, 2017 WL 1422834 at *1. The facts supporting the grant of summary disposition included the following. In 2011, plaintiff filed a $52,000 lien against the real property, which was owned by his sister, for labor, material and landscaping. *Id*. Scott and Stacy Assink purchased the property from plaintiff's sister by a Trustee's Deed in 2013. *Id*. The Assinks noticed miscellaneous items of junk on the property and, in 2014, filed a complaint against plaintiff to recover possession of the property. *Id*. A few months later, plaintiff filed a complaint to quiet title to the property in his name based on a theory of adverse possession. *Id*. The Assinks filed a counterclaim to quiet title in their names, issue a permanent injunction against Ashen, and find that Ashen trespassed on their land. *Id*.

The state court case was initially assigned to Judge Dufon who issued a scheduling order on December 5, 2014. *Id*. at *2. On April 14, 2015, the case was reassigned to Judge Distefano who amended the scheduling order "based on the parties' agreement that case evaluation was inappropriate". *Id*. The Assinks moved for summary disposition. After a hearing, the trial court granted the motion, in which it determined that Ashen's use of the property while his sister

---

[1] The amended complaint also refers to case no.17-67778; however, there is no information on that case.

owned it "was permissive and not under a claim of right." *Id*. The ruling was based upon the sister's affidavit and plaintiff's own construction liens placed on the property. *Id*. "The trial court also granted relief to defendants on all three counts of their counterclaim, quieting title to the real property in their names, holding that plaintiff's entry onto the land constituted trespass, ordering that plaintiff was permanently enjoined from entering the property, and that plaintiff had 30 days to remove his personal property from the land." *Id*.

Plaintiff raised a number of issues in his appeal including: judicial disqualification of Judge Distefano as biased; due process violations by Judge Distefano because he was not properly assigned to the case, lacked authority to amend Judge Dufon's scheduling order, and failed to give Ashen notice of the May 11, 2015 status conference; collusion between plaintiff's attorney and the court (presumably Judges Distefano and Dufon); violation of plaintiff's due process rights by his attorney; and error in denying plaintiff's claim of adverse possession. *Id*. at *1-6. The Michigan Court of Appeals denied Ashen's claims against the judges and his attorney and affirmed the trial court's ruling in favor of the Assinks. *Id*. at *6. The Michigan Supreme Court denied Ashen's application for leave to appeal, *Ashen v. Assink*, 501 Mich. 952; 904 N.W.2d 850 (2018) and his motion for reconsideration, 501 Mich. 1064; 910 N.W.2d 253 (2018).

### IV. Discussion

#### A. Defendants Scott Assink and Stacy Assink

After having lost in the state court, plaintiff filed the present lawsuit in federal court. In the amended complaint, plaintiff states that:

> The Assinks cut trees, fabricated information to Judge Distefano, including description of holdings [sic] of plaintiff [sic] structures and wether [sic] plainted [sic] was granted permission to use land which preponderance of evidence refutes there [sic] claim.

4

Amend. Compl. at PageID.33. The gist of Ashen's claim is that "[t]he Assinks" presented unidentified "fabricated information" at trial and that Judge Distefano erred in ruling that he committed trespass. Plaintiff's "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]" are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

In addition, to the extent Ashen claims that the state court erred in entering a judgment against him for trespass, that claim is barred by the *Rooker-Feldman* doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine is "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance*, 546 U.S. at 464, quoting *Exxon Mobil*, 544 U.S. at 284. The doctrine is applicable in this case, because Ashen complains of injuries caused by the state court's judgment that he trespassed on the Assinks' property and is inviting the district court to review and reject that judgment.

Even if Ashen had stated a claim that the Assinks committed fraud on the state court during trial, such a claim would fail because he cannot use this federal court proceeding to collaterally attack the validity of the state court's decision against him.[2]

> The federal courts will not entertain a collateral attack on a state judgment on the basis of "fraud on the court" in an action for damages. Such a claim is inconsistent with the facts underlying the prior judgment. *See, e.g., Robinson v.*

---

[2] The Court notes that this "fraud on the court" claim would not be barred under the *Rooker-Feldman* doctrine because this claim is independent of the state court judgment. *See McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006) (*Rooker-Feldman* doctrine inapplicable where the plaintiff alleged that the defendants committed fraud and misrepresentation in state probate proceedings because these were independent claims which did not allege an injury caused by the state-court judgment itself).

5

> *Volkswagenwerk AG*, 56 F.3d 1268, 1274 (10th Cir.1995); *Chewning v. Ford Motor Co.*, 35 F.Supp.2d 487, 489 (D.S.C.1998). This has been the rule in the Sixth Circuit for over 100 years. *See Kansas City F.T.S. & M.R. Co. v. Morgan*, 76 F. 429, 435 (6th Cir.1896) (not permissible for a party to attack a judgment in a collateral proceeding on account of fraud). The proper avenue for relief by a party who believes that a previous judgment was procured by fraud on the court is for the party to bring a post-judgment motion or an independent action in equity to vacate the judgment. *See Gleason v. Jandruco*, 860 F.2d 556, 558 (2d Cir.1988); *Chewning*, 35 F.Supp.2d at 491. The universal rule in the federal courts, however, is that an equitable action to set aside a judgment may only be heard by the court whose judgment is challenged. *See Weisman v. Charles E. Smith Mgmt., Inc.*, 829 F.2d 511, 514 (4th Cir.1987); *accord Sessley v. Wells Fargo Bank, N.A.*, No. 2:11–cv–348, 2012 WL 726749, at * 9 (S.D.Ohio Mar.6, 2012) (if plaintiff believed that a state court foreclosure judgment was obtained by fraud on the state court, plaintiff's remedy was by way of motion for relief filed in the state court, not by way of a collateral attack in federal court); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 2868 at 568-69 (3d ed. 2012).

*LaMie v. Wright*, No. 1:12-CV-1299, 2014 WL 1686145 at *14 (W.D. Mich. April 29, 2014), R&R adopted, 2014 WL 3341587 (W.D. Mich. July 8, 2014). To paraphrase the Court in *LaMie*, "if [Ashen] believes that the [36th Circuit] Court judgment was induced by fraud, his remedy is to seek relief in the [36th Circuit] Court, not to bring a collateral attack in the federal court." *Id*.

Accordingly, all of Ashen's claims against defendants Scott Assink and Stacy Assink should be dismissed as well as any claim that the state court judgment was secured by fraud or not supported by a preponderance of the evidence.

### B. Judicial bias against defendant Judge Distefano

Ashen alleged that Judge Distefano was biased against him. This is the same claim that the Michigan Court of Appeals rejected, stated in pertinent part:

> MCR 2.003(C) provides the grounds for which a judge may be disqualified. Plaintiff appears to argue MCR 2.003(C)(1)(a), (b)(ii), (c) and (e). Under MCR 2.003(C)(1)(a), plaintiff argues that Judge Distefano was biased because he "sided with the defense" and "gave defendants everything they wanted." "The mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment. *In re Contempt of Henry*, 282 Mich. App. 656, 680; 765 N.W.2d 44 (2009). Plaintiff

6

>cites the language of MCR 2.003(b)(ii) in support of disqualification but provides no explanation of its application to this case. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Houghton v. Keller*, 256 Mich. App. 336, 339–340; 662 N.W.2d 854 (2003). Plaintiff argues that Judge Distefano should have been disqualified under MCR 2.003(C)(1)(c) because, as a mediator over the case he would have had "personal knowledge of disputed evidentiary facts concerning the proceeding." The record however demonstrates that the mediation scheduled for June 11, 2015 was cancelled on June 2, 2011, therefore Judge Distefano never actually mediated the case and plaintiff fails to show what personal knowledge, if any, Judge Distefano had "of disputed evidentiary facts concerning the proceeding." MCR 2.003(C)(1)(c).

*Ashen*, 2017 WL 1422834 at *2.

Ashen sought to reverse the state court judgment against him due to judicial bias. He lost on this judicial bias claim in the state appellate court, which affirmed the judgment. Now, Ashen is "inviting district court review and rejection" of the state court judgment against him. *See Lance*, 546 U.S. at 464; *Exxon Mobil*, 544 U.S. at 284. Accordingly, this claim is barred by the *Rooker-Feldman* doctrine and should be dismissed. *See id*.

> C. **Collusion claim against defendants Holmstrom, Barnes, Judge Dufon and Judge Distefano**

Ashen's claim that defendants violated his federal constitutional right to procedural due process is brought pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

7

In the amended complaint, Ashen alleged that his former attorney (Holmstrom), opposing counsel (Attorney Barnes)[3], and the judges (Judge Dufon and Judge Distefano), colluded "to conceal evidence, and keep information from me which Judge Groggan [sic] addressed when ruling the Health Minister s [sic] Concealment of information pertaining to the health minister when dealing with the legionnaires disease in Flint was corrupt." PageID.32. Ashen also alleged that "[n]o order was signed or notices to the June 2nd Hearing for rescheduling by Judge Distefano," that "in keeping me in the dark, scheduling order and motions including motion for summary disposition which was discussed at settlement hearing were kept from me," and that "[m]y Attorney waited till a fortnight before to inform me of summary disposition." *Id.* at PageID.31.

Based on these allegations, Ashen claims that defendants' collusion violated his due process rights in violation of the 14th Amendment:

> I belief [sic] if proper notices were given, and my attorney didn't conspire to keep me in the dark my due process rights wouldn't have been violated, and the ejectment from property wich [sic] was also unconstitutional as I was ejected from land without due process 14 amendment [sic] unnecessary pain and hardship.

*Id.* at PageID.33.

The Michigan Court of Appeals rejected Ashen's collusion and due process arguments as follows:

> Plaintiff last argues that his due process rights were violated when his attorney and the court colluded to "den[y] [him] knowledge of the ADR hearing June 11th 2015 the May 11th 2015 Settlement Conference, [and] the Motion for Summary Disposition" hearing until the night before the hearing. The state and federal constitutions guarantee that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const, Am. XIV; Const 1963, art. 1, § 17. "[P]rocedural due process requires that a party be provided notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner." *Mettler Walloon, LLC v.*

---

[3] Plaintiff does not identify Attorney Barnes. For purposes of this report, the Court will assume that Attorney Barnes represented the Assinks in the state court proceeding.

> *Melrose Tp.*, 281 Mich. App. 184, 213–214; 761 N.W.2d 293 (2008). Plaintiff's due process claim fails because plaintiff cannot argue a due process violation against his attorney. Procedural due process claims are the deprivation of a constitutionally protected interest by state action. *Bonner v. City of Brighton*, 298 Mich. App. 693, 708; 828 N.W.2d 408 (2012) (emphasis added), rev'd on other grounds 495 Mich. 209; 848 N.W.2d 380 (2014). Further, plaintiff was not entitled to be present at the May 11 status conference. MCR 2.401(A) states that "[a]t any time after the commencement of the action, on its own initiative or the request of a party, the court may direct that the attorneys for the parties, alone or with the parties, appear for a conference . . ." Because the court rule grants the trial court with authority to summon just the attorneys

*Ashen*, 2017 WL 1422834 at *4.

Ashen sought to reverse the state court judgment against him due to collusion and procedural due process violations. He lost on these claims in the state appellate court, which affirmed the judgment. Now, Ashen is "inviting district court review and rejection" of the state court judgment against him. *See Lance*, 546 U.S. at 464; *Exxon Mobil*, 544 U.S. at 284. Accordingly, these claims are barred by the *Rooker-Feldman* doctrine and should be dismissed. *See id*.

Even if Ashen's claims were not barred by the *Rooker-Feldman* doctrine, Judge Dufon and Judge Distefano are immune from those claims. "Judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Johns v. Bonnyman*, 109 Fed. Appx. 19, 21 (6th Cir. 2004), citing *Mireles v. Waco*, 502 U.S. 9 (1991):

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."

9

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  Accordingly, Ashen's claims against Judge Dufon and Judge Distefano should be dismissed.

In addition, plaintiff does not identify Attorney Barnes nor state any cause of action against him.  Plaintiff simply alleges that "Attorney Barnes helped by colluding, perjury and bringing false testimony."  Amend. Compl. at PageID.31.  Plaintiff's allegation against defendant Barnes is nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.  Accordingly, Ashen's claim against defendant Barnes should be dismissed.

Furthermore, Ashen cannot maintain a due process claim against his attorney (Holmstrom) and opposing counsel (Barnes) because they are not state actors.  *See Dallas v. Holmes*, 137 Fed. Appx. 746, 752 (6th Cir. 2005) ("It is well-settled that a lawyer representing a client is not a state actor "under color of law" within the meaning of § 1983.").  Accordingly, these claims should be dismissed.

Finally, even if the Court read Ashen's collusion claim as a conspiracy claim brought pursuant to § 1983, he has failed to allege a claim for relief.  "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action."  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F2d 93, 943-44 (6th Cir. 1985).  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Here, plaintiff's conspiracy allegations are essentially legal conclusions "masquerading as factual allegations" which are insufficient to allege a conspiracy.  *See Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 563-64 (6th Cir. 2011).  For all of these reasons, Ashen's § 1983

claims against defendants Judge Dufon, Judge Distefano, Attorney Holmstrom and Attorney Barnes should be dismissed.

### D. Racketeering

Finally, Ashen seeks to bring an action under the Racketeer influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. This is the only claim which plaintiff did not bring in the state lawsuit. The RICO statute provides in pertinent part that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). A RICO violation under § 1962(c) requires four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (internal quotation marks omitted). "[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Plaintiff must also allege the RICO "enterprise" engaged in a pattern of racketeering activity consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon*, 465 F.3d at 723.

Here, Ashen stated that Judge Distefano engaged in two acts of racketeering within one year because (1) the judge "corruptly handled the case" and (2) the judge "[s]erved Attorney Holmstrom relief at malpractice case quid pro-quo." PageID.33. Ashen's cursory statements do not allege a RICO violation. First, Ashen has not alleged the existence of an "enterprise" engaged in racketeering activity. Rather, he claims that a single person, Judge Distefano, "corruptly handled" Ashen's state case and gave some type of relief to Attorney Holmstrom in a malpractice

case. Second, Ashen has not identified any predicate acts of racketeering which could support a RICO claim. Those predicate acts of racketeering are listed in 18 U.S.C. § 1961(1). *See Molotky v. Wells Fargo Bank, N.A.*, No. 1:15-cv-769, 2018 WL 2197736, at *7 (W.D. Mich. April 13, 2018). Under that statute "Racketeering activity" means "(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year" and various violations of federal law. Here, Ashen does not allege that either the "enterprise" or any individual engaged in a listed state felony or any violation of federal law. Accordingly, Ashen's RICO claim should be dismissed.

## V.     RECOMMENDATION

For these reasons, I respectfully recommend that Ashen's amended complaint (ECF No. 7) be **DISMISSED** with prejudice.

Dated:  December 17, 2018                                    /s/ Ray Kent
                                                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).