UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| David Ashen, )<br>   Plaintiff, )<br>)<br>-v- )<br>)<br>David Distenfano, et al. )<br>   Defendants. )<br>_____ ) | No. 1:18-cv-1210<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 6, 2018 Plaintiff David Ashen, proceeding pro se, filed a handwritten civil complaint alleging several claims against Judge David Distefano; Judge Jeffrey Dufon (sometimes referred to as "Duffon"); Attorney Jeffrey Holmstrom; Attorney Andrew Barnes; Stacy Assink; Scott Assink; and Bruce Linker. (ECF No. 1.)

Ashen was allowed to proceed *in forma pauperis*, and the Magistrate Judge issued an order addressing several deficiencies in the original complaint. (*See* ECF No. 5.) Ashen then filed a typewritten first amended complaint, (ECF No. 7). However, the magistrate judge has since filed an R & R recommending that the First Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. (ECF No. 8.)

Plaintiff's claims arise out of a state lawsuit filed in Van Buren County and in which he was unsuccessful. The facts contained in Plaintiff's complaint were not well-pleaded, so the magistrate judge took judicial notice of the Michigan Court of Appeals' opinion pertaining to that case. (ECF No. 8 at PageID.37 (citing *Ashen v. Assink*, No. 331811, 2017 WL 1422834 (Mich. App. April 20, 2017).)

Ultimately, the magistrate judge concluded that Plaintiff's claims against Stacy and Scott Assink failed because they amounted to "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]" and were also barred by the *Rooker-Feldman* doctrine because Plaintiff was a state-court loser complaining of an injury caused by a state court judgment.

The magistrate judge further concluded that Plaintiff's claim against the state court judge for his alleged bias was barred by *Rooker-Feldman* as Plaintiff had raised the same argument on appeal to the Michigan Court of Appeals and lost.

Finally, Plaintiff's allegations of "collusion" between his lawyer in state court, Homstrom, opposing counsel Barnes, and the judges failed to state a claim for violation of Plaintiff's right to due process and was likewise barred by *Rooker-Feldman*. Additionally, the magistrate judge noted that all claims against Dufon and Distefano were barred by judicial immunity.

Now before the Court are Plaintiff's objections and supplement to his objections. (ECF Nos. 9–10.) With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because

the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice).

Ultimately, after a de novo review of Plaintiff's objections, the Court concludes that the magistrate judge did not err by concluding that *Rooker-Feldman* barred Plaintiff's claims. Each of Plaintiff's causes of action is an attack on the state court judgment, and Plaintiff has not offered any explanation which would take his claims outside the doctrine's reach.

The R & R is thus adopted as the opinion of the Court (ECF No. 8), Plaintiff's objections are overruled (ECF Nos. 9–10), and Plaintiff's Amended Complaint (ECF No. 7) is dismissed with prejudice.

**IT IS SO ORDERED.**

**JUDGMENT TO FOLLOW.**

**Date:** March 15, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge